PER CURIAM.
In December 1981, Tavernaero Airport Park, Inc., the successor to the developer of a subdivision, filed suit to enjoin Carter, the owner of a lot within the subdivision, from violating a deed restriction requiring that any permanent dwelling be set back at least thirty-five feet from the front lot line. The impetus for the suit was Tavernaero’s learning that Carter had filed a plot plan with the Building and Zoning Department of Monroe County which showed the proposed construction of a home with a screen porch (concededly, a permanent dwelling) extending within thirty-five feet from the front lot line.
Carter moved for summary judgment, and in support of his motion filed his affidavit, which stated in pertinent part:
“6. On November 3, 1981 I sent a letter to the Building and Zoning Department of Monroe County advising them that I will not construct any permanent dwelling in violation of any deed restriction of Tavernaero Subdivision and that the constructed building would not be closer than 35 feet to the north property line. In late November, 1981 or early December, 1981, I went into the office of the Building and Zoning Department and conferred with Joseph Bizjak, who is employed in that office. I again confirmed to him my revision of the plot plan to delete any reference to a screen porch which would have extended to the end of the plane cover. I confirmed my agreement not to construct any permanent dwelling closer than 35 feet from the front lot line. Mr. Bizjak made a notation in my presence at that meeting in late November or early December, 1981 on the original building plans which deleted any reference to the screen porch. Mr. Bizjak initialed that change in my presence. There has not been any change to the plans on file with the Building and Zoning Department since November or December of 1981.”
Finding no dispute as to the facts set forth in the affidavit, the trial court declared that “at the time of the filing of the instant action and at the present time, the defendant, J.R. Carter, is not in violation of any deed restrictions in the Declaration of Restrictions filed of record in the Public Records of Monroe County, Florida for the Tav-ernaero Subdivision” and entered summary judgment for Carter.
Although the appellant claims that there exist genuine issues of material fact as to whether this deletion of the screen porch on the existing plan, absent the submission of an entirely new plan showing no screen porch, was effective to remove the threatened violation of the deed restrictions, we agree with the trial court that the affidavit of the County building official, Bizjak, that the deletion was effective to change the plan forecloses appellant’s claim.
Accordingly, we affirm the judgment under review. We note, however, that the trial court’s finding of no violation of the deed restrictions is based on a record which reveals that the screen porch originally shown on the plan no longer appeared and that the plan was thus amended. Thus, neither the trial court’s decision nor ours will bar the appellant under the doctrine of res judicata or collateral estoppel from suing Carter to enjoin any threatened or actual violation of the deed restrictions which may arise in the future.